UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60758-Civ-SCOLA

JOHNATHAN M. SMITH,

    Plaintiff,

vs.

TBC RETAIL GROUP, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE

THIS MATTER is before the Court on the Defendant's Motion to Strike Plaintiff's First Amended Complaint [ECF No. 20], filed by TBC Retail Group, Inc. For the reasons explained below, this Motion is denied.

Defendant moves to strike the Plaintiff's Amended Complaint on the grounds that he waited 47 days after Defendant answered and did not seek Defendant's consent or leave of Court, as required under Federal Rule of Civil Procedure 15(a). According to Defendant, Plaintiff therefore "undisputedly failed to comply with the mandatory Federal Rule, and his Amended Complaint should be stricken." Mot. at 2. Defendant also contends that the Amended Complaint adds a new range of dates without any supporting allegations, and otherwise just "rehashes assertions from Plaintiff's initial Complaint and adds allegations known to him at the time he filed his Complaint[.]" Mot. at 1.

The Amended Complaint will not be stricken on the basis of these arguments. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored, and are "regularly 'denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.,* 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (citation omitted).[1]

---

[1] *See also Great Am. Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012) ("a motion to strike is a drastic remedy disfavored by the courts"); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC.*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied") (citations omitted).

Here, Defendant does not mention the Rule 12(f) standard.  Nor does Defendant argue that "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice" if allowed to stand.  *See Kenneth F. Hackett & Assocs.,* 744 F. Supp. 2d at 1309.  Instead, Defendant's arguments are directed to Plaintiff's failure to follow Rule 15(a) and his addition of "allegations known to him at the time he filed his Complaint[.]"  Mot. at 1-2.

As for the first argument, Plaintiff is a *pro se* litigant and while the Court expects him to follow the Rules, the Court will accord him leeway not given to litigants represented by persons schooled in the law.  *See Simpson v. United States*, 1997 WL 151431, at *2 (N.D. Fla. Jan. 27, 1997) (*pro se* plaintiffs not held to strict compliance with procedural requirements).  Moreover, as Defendant readily admits, the deadline to amend the pleadings has not passed; therefore, if Plaintiff had requested leave, the Court would have readily granted it.

Defendant next cites to *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011), for the proposition that even if Plaintiff had sought leave to amend, "his Amended Complaint would be insufficient, as it only adds facts that were known to Plaintiff at the time he filed his initial Complaint."  Mot. at 2 n.2.  This argument is mistaken.  *Kendall* concerned a plaintiff's failure to show that amendment was proper ***after*** the deadline to amend had passed.  When amendment is sought belatedly, the plaintiff must show "good cause" under Rule 16(b) in addition to meeting the more relaxed standard of Rule 15(a).  As *Kendall* makes clear, a relevant factor to consider under Rule 16(b) is whether the information underlying the proposed amendment was known to the plaintiff at an earlier time.  That consideration has no application here, however, because, as already stated (and as Defendant concedes), the deadline to amend the pleadings has not yet passed in this case.  Therefore, Plaintiff need not meet the more exacting "good cause" standard under Rule 16(b).

In conclusion, the Court finds no basis to strike the Plaintiff's Amended Complaint under Rule 12(f).  Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Strike [ECF No. 20] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 14, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

**Copies to:**
Counsel of Record; Johnathan M. Smith (address of record)